1   UNITED STATES DISTRICT COURT
2   DISTRICT OF PUERTO RICO

3   MAYRA NIEVES-GARAY; NELSON
4   QUIÑONES-RIVERA; and their conjugal
5   partnership,

                                                    Civil No. 09-1959 (JAF)

6        Plaintiffs,

7        v.

8   PUERTO RICO POLICE DEPARTMENT;
9   COMMONWEALTH OF PUERTO RICO,

10       Defendants.

11

12   **OPINION AND ORDER**
13
14       Plaintiffs sue under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.

15   § 2000(e)-3(a), alleging retaliation for making charges, testifying, assisting or participating in

16   enforcement proceedings for discrimination.  (Docket No. 1.)  Plaintiffs also claim they are

17   entitled to relief for the same under Puerto Rico Law 115 of December 20, 1991, 29 L.P.R.A.

18   § 194, and under Puerto Rico's general tort law, 31 L.P.R.A. §§ 5141 and 5142.  (Id.)

19   Defendants move for dismissal under Federal Rule of Civil Procedure 12(b)(1).  (Docket

20   No. 21.)  Plaintiffs oppose. (Docket No. 28.)

21   **I.**

22   **Factual Summary**

23       Mayra Nieves-Garay ("Nieves") is currently employed by the Administrative Division

24   of the Puerto Rico Police Department.  (Docket No. 1 at 6.)  The instant retaliation suit began

1    when she filed a charge with the Equal Employment Opportunity Commission ("EEOC") on

2    August 26, 2008, alleging acts of retaliation, including removal and transfer from her former

3    accounting position in retaliation for an internal complaint that she filed in the year 2000.[1]

4    (Docket No. 29 at 1.)  In the EEOC charge, Nieves stated that she was transferred from her

5    "Auxiliary Accounting I" position to the Traffic Division as retaliation for filing an internal

6    complaint against her supervisor in the year 2000.  (Docket No. 29-1.)  She also stated that the

7    retaliatory conduct that originally occurred in response to her internal complaint has resumed,

8    alleging that it "flared up again after November 2007 due to the [Police Department's]

9    dismissal" of her internal administrative complaint without notifying her.  Id.

10          On June 22, 2009, the EEOC sent Nieves a right-to-sue letter, which explained that her

11   civil suit must be filed within ninety days of receipt of that notice.  (Docket No. 28-1.)

12   Following the receipt of the right-to-sue letter from the EEOC, Plaintiffs filed the instant suit on

13   September 18, 2009, requesting compensatory and punitive damages, attorney's fees, as well as

14   reinstatement to her former position.  (Docket No. 1 at 8.)  Defendants answered (Docket No. 9)

15   and later moved to dismiss, arguing that Plaintiffs failed to exhaust administrative remedies, that

16   the claims are time barred, and that the Eleventh Amendment bars these claims (Docket No. 21

17   at 7–8, 13–14).

---

[1] She has previously alleged similar retaliation and discrimination in two prior actions in this court that were dismissed. See Nieves-Garay v. P.R. Police Dep't, No. 06-1065 (D.P.R. Mar. 6, 2007) (dismissing federal claims with prejudice, for failure to exhaust administrative remedies and untimeliness, and dismissing Commonwealth claims without prejudice); Nieves-Garay v. P.R. Police Dep't, No. 02-2734 (D.P.R. Nov. 29, 2005) (dismissing case without prejudice for failure to prosecute).

Civil No. 09-1959 (JAF)                                                            -3-

1                                        **II.**

2                            **Standard Under Rule 12(c)**

3            Because Defendants' motion to dismiss was filed after their answer to the complaint, this

4    court will evaluate their motion under Federal Rule of Civil Procedure 12(c).[2]  See TC Invs.,

5    Corp. v. Becker, 733 F. Supp. 2d 266, 275 (D.P.R. 2010) (citing Fed. R. Civ. P. 12(h)(2)(B)).

6    The standard of review on a motion for judgment on the pleadings under Rule 12(c) "is the same

7    as that for a motion to dismiss under Rule 12(b)(6)." Marrero-Gutierrez v. Molina, 491 F.3d 1,

8    5 (1st Cir. 2007).

9            To survive a motion to dismiss, a complaint must allege a "plausible entitlement to relief"

10   by alleging facts that directly or inferentially support each material element of some legal claim.

11   Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008).  In deciding a motion under Rule 12(c)

12   for failure to state a claim, "[w]e view the facts contained in the pleadings in the light most

13   flattering to the nonmovants (here, the plaintiffs) and draw all reasonable inferences therefrom

14   in their favor." Aponte-Torres v. Univ. of P.R., 445 F.3d 50, 54 (1st Cir. 2006).

15                                       **III.**

16                                     **Analysis**

17           Defendants argue that Plaintiffs failed to exhaust administrative remedies because the

18   complaint alleges events not included in the EEOC charge.  (Docket No. 21 at 6–7.)  Defendants

---

[2] Defendants characterize their arguments as challenges to this court's subject-matter jurisdiction.  For the sake of clarity we note that neither failure to exhaust administrative remedies nor timeliness implicate our subject matter jurisdiction, and we therefore treat these challenges as arguments that Plaintiffs have failed to state a claim for relief.  See Zipes v. TWA, 455 U.S. 385, 395 n.12 (1982) (explaining that timeliness does not implicate subject matter jurisdiction in Title VII cases); Vera v. McHugh, 622 F.3d 17, 29–30 (1st Cir. 2010) (noting that failure to exhaust administrative remedies is not jurisdictional in Title VII cases).

Civil No. 09-1959 (JAF)                                                                    -4-

1    also allege that the retaliatory acts in the complaint are time barred because no retaliatory act

2    occurred within 300 days prior to filing suit.  (Id. at 7–8.)  Finally,  Defendants allege that

3    Eleventh Amendment sovereign immunity prohibits a suit against them. (Id. at 13.) We discuss

4    each argument in turn below.

5    **A.    <u>Exhaustion</u>**

6         "[I]n a Title VII case, a plaintiff's unexcused failure to exhaust administrative remedies

7    effectively bars the courthouse door."  <u>Jorge v. Rumsfeld</u>, 404 F.3d 556, 564 (1st Cir. 2005).

8    Defendants argue that Plaintiffs cannot plead retaliatory acts beyond the four corners of the

9    EEOC charge.  We note that a "Title VII suit may extend as far as, but not beyond, the

10   parameters of the underlying administrative charge."  <u>Id.</u> at 565.  The scope of the suit is <u>not</u>

11   "inevitably limited to the allegations in the administrative complaint, but it is nonetheless

12   constrained by those allegations in the sense that the judicial complaint must bear some close

13   relation to the allegations presented to the agency."  <u>Id.</u>; <u>see also</u> <u>Lattimore v. Polaroid Corp.</u>,

14   99 F.3d 456, 464 (1st Cir. 1996) (rejecting allegations of harassment by coworkers as beyond

15   scope of administrative charge when administrative charge discussed only termination of

16   plaintiff's employment and did not discuss harassment).

17        Defendants argue that Nieves failed to allege retaliation in her EEOC charge.  However,

18   Nieves' EEOC charge does allege that the offensive conduct and her transfer "to the Traffic

19   Division" occurred in response to the internal complaint she filed in 2000.  (Docket No. 29-1.)

20   Specifically, she stated that the retaliatory conduct "flared up again after November 2007 due

21   to the [Police Department's] dismissal" of her internal administrative complaint.  (Id.)

1    In the present case, the complaint alleges the same: That Nieves is being retaliated against

2    because of the internal complaint she made in 2000.  (Docket No. 1 at 1.)  In the complaint,

3    Nieves alleges that her former supervisor retaliated against her by taking her parking spot away,

4    harassing her to come into the office during her vacation, assigning her work that was not within

5    her position's responsibilities, denying her transfer back to her former position, and ignoring her

6    requests for a revision of her salary.  (Docket No. 1 at 4–6.)

7    We find that these claims are sufficiently related to the retaliation alleged in the EEOC

8    charge because they build on its principal assertion that Nieves is being retaliated against for

9    filing her internal administrative complaint.  See Powers v. Grinnell Corp., 915 F.2d 34, 38–39

10   (1st Cir. 1990) (finding decision to discharge employee to be central to administrative charge and

11   holding that all evidence relevant to this inquiry could be reasonably expected to fall within

12   scope of EEOC investigation).  "An administrative charge is not a blueprint for the litigation to

13   follow."  Id. at 39.  All of Nieves' claims center upon or stem from the alleged retaliation for

14   filing a complaint against her supervisor, and "can reasonably be expected to grow out of the

15   charge . . . ."  Id.  We, therefore, reject Defendants' argument that Plaintiff's claims fall outside

16   the scope of the EEOC charge.

17   **B.    Time Limit**

18   Title VII requires a plaintiff to file an administrative charge with the EEOC within 300

19   days after the alleged unlawful employment practice occurred when a complaint has already been

20   filed with some other administrative agency capable of granting relief.  42 U.S.C. § 2000e-

21   5(e)(1).  The lawsuit must be brought within ninety days "after notice that the administrative

1    charge has been dismissed or after the agency has issued a right-to-sue letter." <u>Clockedile v.</u>

2    <u>N.H. Dep't of Corr.</u>, 245 F.3d 1, 3–4 (1st Cir. 2001) (citing § 2000e-5(f)(1)).  "Despite

3    occasional references to 'jurisdiction,' [the time limit] is basically an exhaustion requirement

4    coupled with a short statute of limitations both on complaining to the agency and filing with the

5    subsequent court case." <u>Id.</u> (citing <u>Zipes v. Trans World Airlines, Inc.</u>, 455 U.S. 385, 393–95,

6    395 n.12 (1982)).

7            "Discrete discriminatory acts are not actionable if time barred, even when they are related

8    to acts in timely filed charges." <u>Nat'l R.R. Passenger Corp. v. Morgan</u>, 536 U.S. 101, 113

9    (2002).  Examples of unlawful discriminatory or retaliatory adverse employment decisions

10   classified as discrete discriminatory acts include "termination, failure to promote, denial of

11   transfer, or refusal to hire." <u>Id.</u> at 114.  "Each discrete discriminatory act starts a new clock for

12   filing charges alleging that act" and the EEOC charge "must be filed within the 180- or 300-day

13   period after the discrete discriminatory act occurred." <u>Morgan</u>, 536 U.S. at 113.  However, a

14   plaintiff may use prior acts as background evidence to support a timely claim. <u>Morgan</u>, 536 U.S.

15   at 113. Moreover, the "time period for filing a charge is subject to equitable doctrines such as

16   tolling or estoppel." <u>Id.</u> (citing <u>Zipes</u>, 455 U.S. at 393).

17           The Supreme Court has explained how discrete acts of discrimination differ from claims

18   of a hostile work environment: "Hostile environment claims are different in kind from discrete

19   acts. Their very nature involves repeated conduct . . . . [The conduct] occurs over a series of days

20   or perhaps years and, in direct contrast to discrete acts, a single act of harassment may not be

21   actionable on its own." <u>Id.</u> at 115. Under the continuing violation doctrine, a plaintiff can "seek

1   damages for otherwise time-barred allegations if they are deemed part of an ongoing series of

2   discriminatory acts and there is some violation within the statute of limitations period that

3   anchors the earlier claims." O'Rourke v. City of Providence, 235 F.3d 713, 730 (1st Cir. 2001)

4   (quoting Provencher v. CVS Pharm., 145 F.3d 5, 14 (1st Cir. 1998)) (internal quotation marks

5   omitted).

6        In the instant case, Plaintiffs have framed the events in the complaint as separate acts of

7   retaliation for filing Nieves' internal complaint.  Even viewing the facts in the light most

8   favorable to Plaintiffs, we find that they have alleged only retaliatory conduct, and have not

9   alleged any connected acts or an ongoing pattern that could be construed as a continuing

10  violation, which might have tolled the statute of limitations.[3]

11       Plaintiffs respond that Defendants' failure to notify Nieves of the dismissal of her internal

12  complaint kept her "in a state of limbo" and that, therefore, her claims should not be time barred.

13  (Docket No. 28 at 4–5.)  With this argument, Plaintiffs seem to hint that their claims should be

14  subject to an equitable tolling exception, but fail to elaborate or develop an argument to support

15  such a claim.  Nieves made her internal complaint ten years ago in 2001, and her lack of

16  knowledge of the status of the complaint has not prevented her from filing three suits in this

17  court.  We note that the "federal standard reserves equitable tolling for exceptional cases," and

[3] For the first time in their response in opposition to Defendants' motion to dismiss, Plaintiffs use the phrase "hostile work environment," in a brief reference to unspecified actions of Nieves' supervisor prior to 2007.  (Docket No. 28 at 5.)  Even if Plaintiffs had developed such a claim, Plaintiffs have not requested leave from this court to amend the complaint under Rule 15 of the Federal Rules of Civil Procedure, and we will not entertain any attempts to amend the complaint by adding an underdeveloped claim in the response to a motion to dismiss. See Rodriguez v. Doral Mort. Corp., 57 F.3d 1168, 1171 (1st Cir. 1995) (warning that courts "must always exhibit awareness of the defendant's inalienable right to know in advance the nature of the cause of action being asserted against him").

Civil No. 09-1959 (JAF)                                                    -8-

1    this case does not fall within that category.  Bonilla v. Muebles J.J. Alvarez, Inc., 194 F.3d 275,

2    279 (1st Cir. 1999).

3          Nieves' EEOC charge was filed on August 26, 2008.  Therefore, the charges filed in the

4    complaint occurring before October 31, 2007, are time barred because each alleged act of

5    retaliation occurring previously, such as removal from her accounting position and the loss of

6    her parking spot, did not occur within 300 days prior to the filing of her EEOC charge.  (Docket

7    No. 1.)  All other previous acts of retaliation are time barred and can only be used as background

8    evidence to support her timely filed claims.  See Dressler v. Daniel, 315 F.3d 75, 78–79 (1st Cir.

9    2003) (explaining that "[a]ny claim for retaliatory acts beyond the filing period is barred").

10   **C.    Eleventh Amendment**

11         The Eleventh Amendment "provides that the Judicial power of the United States shall not

12   be construed to extend to any suit in law or equity, commenced or prosecuted against one of the

13   United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

14   Espinal-Dominguez v. Puerto Rico, 352 F.3d 490, 493 (1ˢᵗ Cir. 2003) (quoting U.S. Const.

15   amend. XI) (internal quotation marks omitted).  This provision protects states from suits brought

16   in federal court by their own citizens, as well as by citizens of other states.  Id. at 494.

17         Puerto Rico has consistently been treated as a state for Eleventh Amendment purposes.

18   Metcalf & Eddy, Inc. v. P.R. Aqueduct and Sewer Co., 991 F.2d 935, 939 n.3 (1st Cir. 1993).

19   "[S]ince a state only exists through its instrumentalities, Eleventh Amendment immunity also

20   extends to arms or 'alter egos' of the State."  Sanchez-Ramos v. P.R. Police Dep't, 392

21   F.Supp.2d 167, 177 (D.P.R. 2005).  The First Circuit has previously held that claims in federal

1    courts for damages against the Police Department are precluded by the Eleventh Amendment

2    because the monetary claims must be paid by the Commonwealth.  See Reyes v. Supervisor of

3    the DEA, 834 F.2d 1093, 1098 (1st Cir. 1987) (holding § 1983 claims against police officers in

4    their official capacity and against Puerto Rico Police Department to be barred by Eleventh

5    Amendment).

6            There are exceptions to the general rule that states are immune from suit.  When

7    "Congress, pursuant to a valid exercise of power, unequivocally expresses its intent to abrogate

8    the immunity," states can be sued in federal court.  Green v. Mansour, 474 U.S. 64, 68 (1985).

9    The United States Supreme Court has held that Title VII claims are not barred by the Eleventh

10   Amendment.  Fitzpatrick v. Bitzer, 427 U.S. 445, 456 (1976); see also Espinal-Dominguez, 352

11   F.3d at 494.  Thus, neither Puerto Rico nor the Puerto Rico Police Department is immune from

12   suit under Title VII.  Sanchez-Ramos, 392 F. Supp. 2d at 178–79.

13           However, the Supreme Court has held that states are protected by the Eleventh

14   Amendment against defending against state law claims brought into federal court by way of

15   supplemental jurisdiction.  Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 120–21

16   (1984); see also Lopez v. Massachusetts, 588 F.3d 69, 72–73 & 73 n.1 (1st Cir. 2009) (finding

17   plaintiffs' state law claim barred by Eleventh Amendment).  Plaintiffs' Commonwealth claims

18   must fail because the Commonwealth has not waived its sovereign immunity or agreed to be

19   sued for Commonwealth claims in federal court.

Civil No. 09-1959 (JAF)                                                                    -10-

**IV.**

**<u>Conclusion</u>**

For the foregoing reasons, we **GRANT** in part and **DENY** in part Defendants' motion to dismiss (Docket No. 21).   Insofar as Plaintiffs allege retaliatory conduct occurring before October 31, 2007, we **DISMISS** such claims as time barred.  We hereby **DISMISS** Plaintiffs' Commonwealth claims.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 23rd day of June, 2011.

s/José Antonio Fusté
JOSE ANTONIO FUSTE
U.S. District Judge